## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANA DIEGUEZ,

      Plaintiff,

v.                                    Case No: 8:16-cv-760-T-30EAJ

LM GENERAL INSURANCE
COMPANY,

      Defendant.

_____

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Abate Count Two and for Extension of Time to Respond to Count One (Dkt. #6).   Upon review of the motion, and being otherwise advised in the premises, the Court concludes that the motion should be granted.

## DISCUSSION

This lawsuit arises out of a claim for uninsured motorist benefits following a car accident.   Count One demands uninsured motorist benefits.   Count Two is for statutory bad faith under Florida Statute § 624.155.   Defendant requests that the Court abate Count Two, the Florida bad faith claim, because it is premature.

Under Florida law, "an insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue."   *Blanchard v. State Farm*

*Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991).   Moreover, "in order to state a cause of action for bad faith, [plaintiff] ha[s] to allege that there has[s] been a determination of the extent of [her] damages covered by the underlying insurance contract."   *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1274 (Fla. 2000).

When a plaintiff, like Plaintiff in this case, sues for bad faith simultaneous with an action for uninsured motorist benefits, courts may either "dismiss the bad faith claim or abate the bad faith claim until the UM claim is resolved."   *Progressive Select Ins. Co. v. Shockley*, 951 So. 2d 20, 21 (Fla. 4th DCA 2007); *see also Landmark Am. Ins. Co. v. Studio Imports, Ltd., Inc.*, 76 So. 3d 963, 964-65 (Fla. 4th DCA 2011) ("The trial court can decide to either dismiss the bad faith claim without prejudice or abate the claim until the underlying breach of contract issue is resolved.").   *This* Court has expressed a preference for abatement.   *McCourt v. Liberty Mut. Ins. Co.*, 8:14-cv-2675-T-30AEP, 2014 WL 6607014, at *1 (M.D. Fla. Nov. 19, 2014); *Dela Cruz v. Progressive Select Ins. Co.*, 8:14-cv-2717-T-30TGW, 2014 WL 6705414, at *1 (M.D. Fla. Nov. 26, 2014).

It is therefore **ORDERED AND ADJUDGED** that:

1.     Defendant's Motion to Abate Count Two and for Extension of Time to Respond to Count One (Dkt. #6) is GRANTED.

2.     Count Two is hereby abated pending the determination of the underlying uninsured motorist claim.

3.     Defendant shall file an answer to Count One within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of April, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2016\16-cv-760 abate extend 6.docx